IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.   No. 24CR546-MLG

**ORLYN GENARO VIGIL,**

    **Defendant.**

<u>MOTION TO CONTINUE RELEASE PENDING SENTENCING</u>

COMES NOW Defendant Orlyn Genaro Vigil, by and through Assistant Federal Public Defender Dennis J. Candelaria, pursuant to U.S. Const. Amend. VIII, 18 U.S.C. §§ 3143(a) and 3145(c), and *U.S. v. Mutte*, 383 Fed. Appx. 716, 2010 WL 2413139 (10th Cir. 2010), respectfully moves this Court to allow him to remain on conditions of release pending sentencing in this case. A change of plea hearing is scheduled for January 30, 2025. (Doc. 36). This pleading is filed in anticipation of that hearing. Specifically, Mr. Vigil requests that the Court permit him to remain released on pretrial services supervision, to continue residing at his sister's house in Dulce, New Mexico. Mr. Vigil will continue his employment at the Jicarilla Apache Utility Authority.

As grounds for this motion, Mr. Vigil states the following:

1. On May 14, 2024, an arraignment and detention hearing were held and U.S. Magistrate Judge Karen B. Molzen ordered Mr. Vigil released with conditions. (Doc. 17). Mr. Vigil would be released to the halfway house pending space at La Pasada.

2. On May 17, 2024, a Motion to Modify Mr.Vigil's conditions of release allowing him to live at his sister's house in Dulce, New Mexico. (Doc. 18) Subsequent to a hearing, Magistrate Judge Karen B. Molzen granted Mr. Vigil's motion. (Doc. 20).

3. Mr. Vigil has remained on pretrial services supervision and is employed full time at Jicarilla Apache Utility Authority in Dulce, New Mexico. He has been fully compliant with his conditions of release and has complied with all directions of his United States Pretrial Services Officer. (See Doc. 37)

4. Mr. Vigil will be pleading guilty to Count 2 of the Indictment. The remaining two counts will be dismissed.

5. Mr. Vigil respectfully requests the Court continue his release after entry of a guilty plea, pending sentencing on the same conditions as his release on pretrial services: permitting him to continue residing with his sister in Dulce,

New Mexico and under the supervision of the Pretrial Services Office, and permitting him to continue working.

## LEGAL ARGUMENT

The Bail Reform Act provides that pending sentencing, the presumption is that a defendant will be detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). A defendant must rebut the presumption of detention with clear and convincing evidence that he is not a flight risk nor a danger to any person or the community. *See* 18 U.S.C. § 3143(a)(1) (imposing a "clear and convincing evidence" standard); Fed. R. Crim. P. 46(c) ("the burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *see also United States v. Johnson*, 652 Fed. Appx. 619 (10th Cir. 2016) (unpublished) (citing the same).

As presented here and as will be further argued at the time of the hearing, Mr. Vigil is not a flight risk nor does he not pose a danger to the safety of any other person or the community if he were to be permitted to remain released on the same conditions as his pretrial release pending sentencing. Moreover,

exceptional reasons exist that demonstrate that detention pending sentencing would not be appropriate.

    A.    <u>As evidenced through Mr. Vigil's pretrial conduct, he is not a flight risk and his ties to the community of New Mexico are very strong.</u>

Mr. Vigil did not flee the district of New Mexico during the time that he has been released on pretrial conditions nor having been notified of the federal charges and maximum possible penalties. Frankly, Mr. Vigil has nowhere to flee. He was born in Farmington and raised in Dulce, New Mexico. He was living at his residence for 20 years before this Court ordered no contact with the victim who is now living at the family residence. He could not even travel out of the country as he does not have nor ever had a passport. He has no history of foreign travel. (See Doc. 13)

Further, Mr. Vigil understands that he will receive a benefit from pleading guilty as it will result in a reduction of his sentence. Additionally, he has been advised that he will meet with the U.S. Probation Officer for his presentence interview. This interview is an informal agreement that requires him to provide truthful, accurate and complete information to the United States Pretrial Services and Probation Office. This will require a presentence investigation report interview as well as continued contact and reporting to the Pretrial Services Office. If he were to fail to comply with his obligations with respect to the United States Pretrial Services and Probation Office, the United

States could declare his acceptance null and void. He would lose the benefits conferred by acceptance and receive an enhancement for obstruction of justice.

B. <u>As evidenced through his pre-trial conduct, Mr. Vigil does not pose a danger to the safety of any other person or the community.</u>

Since his arrest, Mr. Vigil has remained in the community without any incidents – no violations of federal, state, county, tribal or municipal law. Since his arrest and release on pretrial conditions, Mr. Vigil demonstrated to the Pretrial Services Office and the Court that he could be trusted to remain out of custody on conditions.

C. <u>There are exceptional reasons why Mr. Vigil's detention would not be appropriate.</u>

Mr. Vigil has been doing well and has had no issues while on pretrial release. It is clear as presented above that Mr. Vigil does not present either a flight risk or a danger to the community if he were to be permitted to continue his release pending sentencing in this matter. Moreover, there are exceptional reasons to permit him to remain on release pending sentencing in this matter.

First, continued release pending sentencing will also allow Mr. Vigil to continue his employment at the Jacarilla Apache Utility Authority. He has been a fulltime employee for nine years. He wife and family rely on his income and

health insurance. He has proven himself as both reliable and hardworking. If permitted, Mr. Vigil would continue working full-time as his immediate supervisor and general manager have described his position as invaluable.

These incidents occurred on November 16, 2021. Mr. Vigil was charged in tribal court with one count of domestic violence, two counts of assault and battery, and one count of reckless driving. He pleaded guilty to domestic violence, one count of assault and battery, and reckless driving. The second count of assault and battery was dismissed pursuant to a plea agreement.

Mr. Vigil was sentenced to 12 months custody. His time was suspended and was place on supervised probation. Among his conditions of probation, Mr. Vigil was ordered to have no contact for one year with the victim. He was not allowed back in his home for one year. He attended parenting classes, anger management classes, substance abuse classes, and alcoholic anonymous classes. Mr. Vigil successfully completed: 6 months parenting classes and believes that he attended classes once per week (26 classes); anger management classes for 6 months and attended classes once per week (26 classes); substance abuse classes and believes that it was more than 40 classes; Alcoholics Anonymous classes at least once per week for an entire year (52 classes). Upon successfully completing

6

his probation, Mr. Vigil was allowed to go back living with his family in March 2023. He lived with his wife without any incidents before his arrest of the federal charges over a year later.

As part of his conditions of release in his federal case, Mr. Vigil was again ordered to have no contact with the victim or any witnesses, refrain from alcohol or any controlled substance, participate in drug and alcohol monitoring with zero tolerance. On June 7, 2024, Mr. Vigil completed a psychological assessment at Cottonwood Clinical Services where he was diagnosed with severe alcohol use disorder, personal history or physical abuse in childhood, relationship stress with spouse, and antisocial behaviors. He attended all his counseling and has been in complete compliance with all his conditions set forth by the Court. (See Doc. 37). The U.S. Probation Office estimates that it has expended close to $4,000 since his release. By all accounts, it has been money well spent. Finally, the parties have crafted an 11c1c plea agreement that caps Mr. Vigil's sentence to 27 months. More importantly, it allows Mr. Vigil to "advocate for a sentence below the cap…." The ability to request probation is the proverbial dangling carrot.

Defense counsel conferred with Assistant U.S. Attorney Mia Rubin concerning this motion. As of the filing of this motion, Defense Counsel was unable to attain the position of the government.

United States Pretrial Officer opposes this motion.

**WHEREFORE** Mr. Vigil respectfully requests the Court allow him to remain on conditions of release pending sentencing in this case. Specifically, to permit him to remain released on pretrial services supervision, remain at his sister's house, and continue his full-time employment.

    Respectfully submitted,

    FEDERAL PUBLIC DEFENDER
    111 Lomas NW, Suite 501
    Albuquerque, NM 87102
    (505) 346-2489

    *Electronically filed January 29, 2025*
    /s/ *Dennis J. Candelaria*

    Dennis J. Candelaria
    *Attorney for Mr. Vigil*